UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KAL-MOR-USA, LLC,<br><br>                      Plaintiff,<br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.,<br><br>                      Defendants. | Case No. 2:14-cv-00978-GMN-PAL<br><br>ORDER |

Before the court is the parties' Stipulation and Order to Extend Discovery Deadlines (Dkt. #39). The stipulation and proposed order does not comply with LR 6-1(b) which requires that any request for an extension include a statement indicating that it is the first, second, third, etc. requested extension in the heading below the title of the stipulation or motion. The stipulation was also not timely filed pursuant to LR 6-1(b). Rather, it was filed thirteen days after the expiration of the August 14, 2015, discovery cutoff. "A request made after the expiration of the specified period shall not be granted unless the moving party, attorney, or the person demonstrates that the failure to act was the result of excusable neglect." LR 6-1(b).

This is the parties' second request for an extension of the discovery plan and scheduling order deadlines. The initial discovery plan and scheduling order (Dkt. #30) established a May 16, 2015 discovery cutoff. The parties requested and obtained approval for a ninety-day extension of these deadlines until August 14, 2015. *See* Order (Dkt. #33) granting the parties' stipulation.

The current stipulation requests an additional 120 days. The parties indicate that Plaintiff has served interrogatories, a request for admissions and request a for production of documents and that Bank of America has served responses to Plaintiff's discovery requests, disclosed its

expert witness, and Plaintiff disclosed its rebuttal witness. However, the discovery that remains to be completed includes Bank of America's service of written discovery requests, the deposition of Bank of America's expert witness, the deposition of the Plaintiff, the deposition of the homeowner's association, and homeowner's association purchaser. The stipulation does not disclose when the parties initiated discovery and why Bank of America has not even initiated any written discovery to date. The parties' justification for why discovery has not been completed is that they have been "actively engaged in discovery, but have not had sufficient time to schedule and complete depositions." Additionally, a recent departure in defense counsel's firm resulted in someone else having primary responsibility for this case.

Having reviewed and considered the matter, the court finds that the parties have not established good cause for an additional 120 days. The stipulation was not timely filed twenty-one days before the expiration of the extended August 14, 2015, discovery cutoff, and the parties have not even attempted to show excusable neglect for its untimely filing.

For these reasons,

**IT IS ORDERED** that the parties' Stipulation (Dkt. #39) is **NOT APPROVED** and is **DENIED**.

DATED this 3rd day of September, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE