# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KAL-MOR-USA, LLC, a limited liability company,<br><br>Plaintiff,<br>vs.<br><br>SECURITY ATLANTIC MORTGAGE CO., INC., a foreign corporation; UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, a governmental agency; BANK OF AMERICA, a national association; QUALITY LOAN SERVICE CORPORATION, a foreign corporation; BAYVIEW LOAN SERVICING LLC, a foreign limited liability company; PAMELA J. FELIPE, an individual; DOES 1 through 10; and ROE COMPANIES 1 through 10,<br><br>Defendants. | Case No.: 2:14-cv-00978-GMN-PAL<br><br>**ORDER** |

  Pending before the Court is the Emergency Motion to Remand (ECF No. 49) filed by Plaintiff Kal-Mor-USA, LLC ("Plaintiff"). Defendants Bayview Loan Servicing, LLC and Bank of America, N.A. (collectively, "Defendants") filed a Response (ECF No. 53).

  Plaintiff filed its Complaint in state court on June 3, 2014. (Compl., ECF No. 1-1). Shortly thereafter, on June 18, 2014, Defendant United States Department of Housing and Urban Development ("HUD") removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1). (Pet. Removal, ECF No. 1). That statute permits removal by "[t]he United States or any agency thereof or any officer." On January 20, 2016, Plaintiff voluntarily dismissed HUD from this case (ECF No. 48) and filed the instant Motion to Remand (ECF No. 49).

Once the federal party has been "dismissed from [a] case which has been removed under [the] rule permitting removal of suits brought against officers or agencies of [the] United States, a federal district court has the power either to adjudicate remaining state claims or remand to state court." *Estate of Guzik ex rel. Guzik v. Mahmud*, No. 09–CV–0657, 2009 WL 1844317, at *1 (W.D. Pa. June 26, 2009); *see also Watkins v. Grover*, 508 F.2d 920, 921 (9th Cir. 1974); *Gulati v. Zuckerman*, 723 F. Supp. 353 (E.D. Pa. 1989); *Peroff v. Manuel*, 421 F. Supp. 570 (D.D.C. 1976).  Because Plaintiff's choice of forum was state court and there have been no significant proceedings in this Court—with the exception of this Order—the Court declines to retain jurisdiction over the remaining Defendants and remands the matter to the Eighth Judicial District Court. *See Estate of Guzik*, 2009 WL 1884317, at *1 (citing factors to consider in determining whether to remand to state court); *Gen. Motors Corp. v. Hirschfield Steel Serv. Ctr., Inc.*, 402 F. Supp. 2d 800, 808 (E.D. Mich. 2005) (same).

**IT IS HEREBY ORDERED** that the Emergency Motion to Remand (ECF No. 49) is **GRANTED** and this case is hereby remanded to the Eighth Judicial District Court.  The Clerk of the Court shall remand this case back to state court and thereafter close this Court's case.

**IT IS FURTHER ORDERED** that the Emergency Motion to Continue Trial (ECF No. 52) is **DENIED** as moot.

**DATED** this ___8___ day of February, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge